James M. REINHOLD, husband;
Beverly J. Reinhold, wife,
Plaintiffs–Appellants,

v.

ELMA CITY, a Washington Municipal Corporation; David Osgood; Jane Doe Osgood; Ronald Axtman; Jane Doe Axtman, Defendants–Appellees.

No. 99–35937.
D.C. No. CV–98–05334–RJB.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 13, 2001.

Decided July 19, 2001.

Before B. FLETCHER, BRUNETTI and FISHER, Circuit Judges.

## MEMORANDUM *

■ Appellant James Reinhold ("Reinhold") alleges he was terminated in retaliation for exercising his constitutionally protected right of free speech (sending his letter about Chief of Police Ron Axtman to Mayor David Osgood) and right to petition for redress of grievances (filing his

claim for overtime wages). Both claims were appropriately dismissed on summary judgment. A plaintiff alleging retaliatory termination in violation of his First Amendment rights must show that he engaged in protected speech, and that this speech was a substantial or motivating factor in his termination. *Rendish v. City of Tacoma,* 123 F.3d 1216, 1219 (9th Cir. 1997). The claim for overtime wages was not protected speech because it raised an issue of personal interest, rather than a matter of public concern. *Connick v. Myers,* 461 U.S. 138, 147, 103 S.Ct. 1684, 75 L.Ed.2d 708 (1983). The letter to Mayor Osgood related to matters of public concern, thus warranting constitutional protection. Appellant cannot meet the second prong of the *Rendish* test, however, because he admitted that he was convinced that Axtman would have fired him even if he had never written the letter.

■ Appellant also cannot prevail on his due process claim. Due process required that, prior to his termination, Reinhold be afforded "oral or written notice of the charges against him, an explanation of the employer's evidence, and an opportunity to present his side of the story." *Cleveland Bd. of Educ. v. Loudermill,* 470 U.S. 532, 546, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985); *see also Brewster v. Bd. of Educ.,* 149 F.3d 971, 985 (9th Cir.1998). Reinhold was sent a pretermination notice listing 17 instances of his alleged misconduct in anticipation of a pretermination hearing on December 16, 1997, and was sent additional documents to aid him in formulating a response to the charges. Appellant stated during his deposition that the documents he received allowed him to formulate a response to the allegations. Although we are somewhat troubled by Appellees' failure to provide Reinhold copies of notes

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

from the files of Chief Axtman and Commander Fletcher, we conclude the due process afforded Appellant in the pretermination procedures was sufficient to comport with the requirements of *Loudermill* and *Brewster*, and therefore affirm on his due process claim.

Because Appellant has not substantiated his constitutional claims, we need not address his argument regarding municipal liability.

Accepting Appellant's allegations as true, Axtman's behavior after the death of Reinhold's neighbor and the arrest of his son was undoubtedly cruel. However, the statements did not rise to the level of behavior "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community," as is required under Washington law to substantiate a claim of outrage. *Birklid v. Boeing Co.*, 127 Wash.2d 853, 904 P.2d 278, 286 (Wash. 1995) (en banc). Thus, the district court correctly granted summary judgment against Appellant on this claim.

■ To support his claims for negligent hiring and retention, Reinhold was required to show that Osgood hired Axtman even though he knew or should have known of Axtman's unfitness for the position, and that this negligence proximately caused injury to Reinhold. *Guild v. St. Martin's College*, 64 Wash.App. 491, 827 P.2d 286, 290 (Wash.Ct.App.1992). Because Appellant was unable to show the procedure to hire Axtman was insufficient, failed to substantiate his claims of Axtman's alleged unfitness for the Chief of Police position and did not demonstrate that he suffered a legally cognizable injury due to Axtman's behavior, he cannot prevail on his negligent hiring and retention claims.

■ Similarly, Beverly Reinhold's claim for loss of consortium was predicated on a finding of a tort committed against her husband. *Lund v. Caple*, 100 Wash.2d 739, 675 P.2d 226, 229–30 & n. 1 (Wash. 1984) (en banc). The record does not support the existence of such a tort. Accordingly, this claim must likewise fail.

AFFIRMED.